### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARD MANUFACTURING, INC., | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-5337 |
| DAVID YEAGER, et al., | : | |
| Defendants | : | |

## <u>MEMORANDUM</u>

**April _22,  2009**                                                    **Anita B. Brody, J.**


Ward Manufacturing, Inc. ("Ward"), brings this action under Section 502(a)(3) of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3) (2009), against David Yeager and Rovner, Allen, Rovner, Zimmerman & Nash ("RARZN").  Alleging that Yeager breached the reimbursement provision of an employee health plan, Ward seeks an equitable lien or constructive trust on $37,963.01 currently held in trust by RARZN pending the conclusion of this case.

Before me now are identical motions to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Yeager and RARZN argue that § 502(a)(3), authorizing a civil action "to obtain … appropriate equitable relief," does not authorize this action because Ward seeks legal rather than equitable relief.  29 U.S.C. § 1132(a)(3).  Because this case would thus not arise under ERISA, they conclude that subject-matter jurisdiction does not exist under 28 U.S.C. § 1331.[1]

---

[1] No one suggests that subject-matter jurisdiction exists under § 1332.

The Supreme Court directly considered this argument in <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S. 183 (2002), and <u>Sereboff v. Mid Atlantic Med. Services, Inc.</u>, 547 U.S. 356 (2006), involving similar reimbursement provisions.  These cases make clear that, because Ward seeks an equitable lien or constructive trust on an identifiable piece of property—namely, the $37,963.01 held in trust—rather than a claim against Yeager's general assets, § 502(a)(3) does authorize this action.  <u>See</u> <u>Knudson</u>, 534 U.S. at 213 (noting that "a plaintiff could seek restitution *in equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession.") (emphasis in original); <u>Sereboff</u>, 547 U.S. at 363 (holding that § 502(a)(3) authorized an action where, although the plaintiff "alleged breach of contract and sought money, … it sought its recovery through a constructive trust or equitable lien on a specifically identified fund, not from the [defendant's] assets generally.").

For these reasons, I find that § 502(a)(3) authorizes this action and that, because the case arises under ERISA, subject-matter jurisdiction exists under 28 U.S.C. § 1331.  Therefore, both motions to dismiss must be denied.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                Copies **MAILED** on _____ to: